**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1788**

FERNAND TOUSSAINT THOMA NYAM,

            Petitioner,

       v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted: February 24, 2012          Decided: March 8, 2012

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ronald D. Richey, Law Office of Ronald D. Richey, Rockville,
Maryland, for Petitioner.  Tony West, Assistant Attorney
General, M. Jocelyn Lopez Wright, Senior Litigation Counsel,
Stefanie Notarino Hennes, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernand Toussaint Thoma Nyam, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Nyam challenges the finding that he failed to show that the asylum application was timely filed. He also challenges the adverse credibility finding. We deny the petition for review.

Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although § 1252(a)(2)(D) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this [Act] . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a discretionary determination based on factual circumstances." Gomis, 571 F.3d at 358. Accordingly,

2

"absent a colorable constitutional claim or question of law, [the court's] review of the issue is not authorized by § 1252(a)(2)(D)." Id. Because Nyam fails to raise a constitutional claim or a question of law concerning the finding that he did not bear his burden of proof in this regard, we are without jurisdiction to review the finding that his asylum application was untimely.

While this court does not have jurisdiction to consider the denial of Nyam's untimely application for asylum, we retain jurisdiction to consider the denial of his requests for withholding of removal and protection under the CAT as these claims are not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a) (2011).

This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Therefore, we review an adverse credibility determination for substantial evidence and give broad deference to the Board's credibility determination. The Board and the immigration judge must provide specific, cogent reasons for

3

making an adverse credibility determination. We recognize that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate reasons for making an adverse credibility determination. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the Board to make an adverse credibility determination as to the alien's entire testimony regarding past persecution. An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); see also Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011) (stating standard of review). An adverse credibility finding can support a conclusion that the alien did not establish past persecution. See Dankam v. Gonzales, 495 F.3d 113, 121-23 (4th Cir. 2007); see also Chen v. U.S. Attorney Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (denial of relief can be based solely upon an adverse credibility finding).

We conclude that substantial evidence supports the adverse credibility finding. The immigration judge listed specific and cogent reasons in support of the finding. It was not an abuse of discretion for the immigration judge and the Board to find that Nyam's inconsistencies were critically important to his claim for relief. We further conclude that the immigration judge considered the entire record and substantial

4

evidence supports the finding that Nyam's independent evidence falls short of overcoming the adverse credibility finding. Given that the adverse credibility finding raises questions about the authenticity of Nyam's claim that he was persecuted, we conclude that the record does not compel a different result. In addition, we conclude that substantial evidence supports the finding that Nyam did not meet his burden of proof to establish eligibility for relief under the CAT.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

5